**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES for the use and benefit of**
**J&A MECHANICAL, INC., J&A**
**MECHANICAL, INC.,**

        **Plaintiffs,**

-vs-                                                Case No. 6:05-cv-1207-Orl-31DAB

**WIMBERLY ALLISON TONG & GOO,**
**KBJ ARCHITECTS, INC., WIMBERLY**
**ALLISON TONG & GOO/KBJ**
**ARCHITECTS, INC., THE WHITING-**
**TURNER CONTRACTING COMPANY,**
**and UNITED STATES FIDELITY &**
**GUARANTY COMPANY,**

        **Defendants.**

_____

## ORDER

Plaintiff, J & A Mechanical, Inc. ("JA") brings this Miller Act claim against the Whiting-Turner Contracting Company ("Whiting-Turner") and others related to the renovation and expansion of a hotel at Walt Disney World. Whiting-Turner was the general contractor and JA was its HVAC/plumbing subcontractor, pursuant to a contract dated August 1, 2002. (Doc. 1, ¶ 17 and Ex. B). JA seeks delay damages due to alleged defects in the plans and specifications and changes in the scope of work.

JA has sued Whiting-Turner for both breach of contract (Count I) and negligence (Count II). Whiting-Turner has moved to dismiss Count II of the Complaint (Doc. 15),[1] claiming that it violates Florida's economic loss rule. JA responded (Doc. 32), claiming that its allegations in

---

[1] JA's Complaint appears at Doc. 1.

paragraph 35 of the Complaint are sufficient to state a claim of negligence independent of the contractual relationship between the parties. Plaintiff cites *Hewett-Kier Constr., Inc. v. Lemuel Ramos & Assocs., Inc.*, 775 So. 2d 373 (Fla. 4th DCA 2000) for the proposition that Section 552 of the RESTATEMENT (SECOND) OF TORTS provides a recognized exception to the economic loss rule, where the alleged negligence relates to providing information for the use of another (Doc. 32, ¶ 3).

Plaintiff's argument is misplaced. Plaintiff's claim sounds in contract. The duties ascribed to Defendant in paragraph 35 of Plaintiff's Complaint arise under the contract and are not independent thereof. *See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So. 2d 1238 (Fla. 1996).[2] And, *Hewett-Kier*, *supra*, is clearly distinguishable. That case involved a professional malpractice claim by a general contractor against the owner's architect with whom plaintiff was not in privity.[3] Section 552 of the RESTATEMENT (SECOND) OF TORTS is simply not implicated here where Plaintiff and Defendant are in direct privity.[4]

Accordingly, it is

---

[2] It is true that "[w]here a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract." *Moransais v. Heathman*, 744 So. 2d 973, 981 (Fla. 1999) (internal citation and quotation omitted). However, the Plaintiff has failed to show how the alleged acts of negligence are different or independent from acts that would, allegedly, breach the instant contract.

[3] In *Hewett-Kier*, no contract existed between the plaintiff and defendant. *Hewett-Kier*, 775 So. 2d at 374. Thus, the court in that case relied upon the existence of a "special relationship" to find that a claim for negligence existed. *Id*. at 375.

[4] Further, Section 552 applies to circumstances involving negligent misrepresentation, *Moransais*, 744 So. 2d at 982, which is not what Count II alleges.

**ORDERED** that Defendant's Motion (Doc. 15) is GRANTED. Count II of Plaintiff's Complaint (Doc. 1) is DISMISSED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 18, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party