**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES for the use and benefit of J&A MECHANICAL, INC., J&A MECHANICAL, INC.,**

    **Plaintiffs,**

-vs-                Case No. 6:05-cv-1207-Orl-31DAB

**WIMBERLY ALLISON TONG & GOO, KBJ ARCHITECTS, INC., WIBERLY ALLISON TONG & GOO/KBJ ARCHITECTS, INC., THE WHITING-TURNER CONTRACTING COMPANY, and UNITED STATES FIDELITY & GUARANTY COMPANY,**

    **Defendants.**
_____

**KBJ ARCHITECTS, INC.,**

    **Defendant/Third Party Plaintiff,**
vs.

**COSENTINI ASSOCIATES, INC., and HAYNES WHALEY ASSOCIATES, INC.**

    **Third Party Defendants.**
_____

# ORDER

  The Plaintiff, J&A, Mechanical Incorporated ("J&A"), alleges that Defendant, KBJ Architects, Inc. ("KBJ"), has negligently breached its duty to conform to the standard of care required by design professionals. This matter comes before the court on KBJ's Motion for Summary Judgment (Doc. 108) and J&A's opposition thereto (Doc. 116).

**I. Background**

   *A. The Parties*

   The Plaintiff, J&A, is a Tennessee corporation with its principle place of business in Cordova, Tennessee. J&A is licensed to construct building improvements in the state of Florida.

   KBJ is a Florida corporation engaged in the business of performing architectural services in the state of Florida.

   The Whiting-Turner Contracting Company, Inc., ("Whiting-Turner") is a Maryland corporation engaged in the construction business in the state of Florida.

   The Army Morale, Welfare and Recreational Fund (the "Fund") is a non-appropriated fund instrumentality of the United States. At all times material to this action, the Fund served and functioned as the project owner.

   *B. Facts*

   On or about July 8, 2002, Whiting-Turner entered into a prime contract with Fund to perform demolition, renovation and construction work for the Shades of Green Resort Hotel located on Walt Disney World property which was leased to the Fund (the "Project"). (Doc. 44 at 2). The Project generally consisted of the renovation of the existing hotel and the construction of a new parking garage, five story hotel, and restaurant. (Doc. 44 at 2). At some time prior to the execution of the prime contract, Fund contracted with KBJ to provide architectural design and construction administration services in connection with the project. (Doc. 44 at 3). In this capacity, KBJ prepared and issued plans and specifications for all work to be performed on the project. (Doc. 44 at 3). On or about August 1, 2002, Whiting-Turner entered into a subcontract

with J&A whereby J&A agreed to perform the HVAC and plumbing work in connection with the Project. (Doc. 44 at 3).

On November 8, 2005, J&A filed an Amended Complaint against several defendants, including KBJ. (Doc. 44). J&A asserted several causes of action arising out of J&A's performance of the HVAC plumbing work on the Project. Specifically, J&A alleges that after the commencement of the construction operations on the Project, J&A's work was delayed and disrupted due to deficiencies in the plans and specifications issued by KBJ. (Doc. 44 at 3).

In Count IV of the Amended Complaint, J&A alleged that KBJ was negligent in both its its design and administration of the Project. (Doc. 44 at 9-10). The Amended Complaint further alleges that J&A submitted over 250 Requests for Information ("RFIs") due to unclear and incomplete plans and specifications. (Doc. 44 at 4). J&A asserts that these RFIs prompted the issuance of numerous change orders which significantly delayed J&A's progress and resulted in additional labor and overhead costs. (Doc. 44 at 4).

**II. Standard of Review**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgment points out an absence of evidence on a

dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value"); *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976).[1]

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).

---

[1] All decisions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent on courts within the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

**III. Legal Analysis**

To maintain a cause of action for negligence, plaintiffs must establish (1) that Defendant owed a duty of care to the plaintiff, (2) that Defendant breached that duty by violating the applicable standard of care, and (3) that Plaintiff was harmed as a result of that breach.  KBJ argues that it owed no duty of care to J&A because, *inter alia*, there was no contractual privity between the parties. However, for the purposes of this order, the Court will assume without ruling that KBJ owed a duty of care to J&A in its capacity as a "supervisory architect", as argued by J&A.  Still, KBJ is entitled to summary judgment because Plaintiff has failed to establish that KBJ breached the applicable standard of care.

Florida courts have recognized that architecture is a profession where a standard exists which is "created by architects in the community."  *Graulich v. Frederic H. Berlowe & Assocs.,* 338 So.2d 1109, 1110 (Fla. 3d DCA 1976).[2]  Furthermore, the liability of a professional architect ordinarily extends to "injuries which result from the architect's failure to comply with recognized standards of good practice in his profession in the same locality at the same time." *Hutchings v.*

---

[2]With regard to the competency of witnesses, the Federal Rules of Evidence provide that:

> Every person is competent to be a witness except as otherwise provided in these rules. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law.

Fed. R. Evid. 601.  The Eleventh Circuit has interpreted this Rule to mean that in cases involving state medical malpractice claims, Federal courts should apply the state laws regarding the competency of expert witnesses. *See McDowell v. Brown,* 392 F.3d 1283, 1295-6 (11th Cir. 2004) (adopting the reasoning in *Legg v. Chopra,* 286 F.3d 286 (6th Cir. 2002)). Therefore, Florida law regarding the competency of expert witnesses will be applied here.

*Harry,* 242 So.2d 153, 154-55 (Fla. 3d DCA 1970). Where a duty is not so obvious as to be apparent to persons of common experience, as is generally the case with professional negligence, a plaintiff must offer expert testimony to establish the standard of care used by similar professionals in the community under similar circumstances. *O'Grady v. Wickman,* 213 So.2d 321, 323 (Fla. 4th DCA 1968); *Moransais v. Heathman*, 744 So.2d 973, 975-76 (Fla. 1999).

The only expert opinion offered by J&A is that of David Pearson ("Pearson") who is the President of a "professional construction management and consulting organization." (Doc. 116-4 at 1). Pearson's only purported qualification as an expert is in the field of construction administration, not architectural design. Because J&A does not present an expert qualified to offer a standard of care on architectural design, KBJ is entitled to summary judgment on Plaintiff's claim of negligent design.

J&A also claims that KBJ was negligent in the performance of its administrative duties in its role as "supervisory architect." Pearson is not an architect and therefore is not qualified to offer expert testimony with regard to the standard of care for supervisory architects. However, even if Pearson was qualified, his affidavits fail to establish a standard of care, much less a breach of that standard.[3] Pearson's November 1, 2006, affidavit merely contains conclusory allegations that KBJ's administration was "deficient." (Doc. 116-4 at 3). *See Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) (conclusory allegations insufficient to withstand motion for summary judgment). Because Pearson's affidavit does not set out a standard of care that should

---

[3] Both parties make reference to an "expert report" in their motions, however, this "report" does not appear in the record.

have been followed by KBJ, J&A has failed to establish a standard of care and its claim of negligent supervision must fail.

**IV. Conclusion**

For the reasons stated herein, it is

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. 108) is **GRANTED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 21, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party